## TAYLOR et al. vs. THE STATE.

1. A field surrounded by a forest, and situated one mile from any highway or other public place, does not lose its private character by the casual presence of three persons, so as to make two of them, who fight together willingly, guilty of an affray.

ERROR to the Circuit Court of Bibb.

Tried before the Hon. GEO. D. SHORTRIDGE.

The plaintiffs in error were indicted for an affray. On the trial, proof was introduced conducing to show that the fight took place in a field belonging to one of the combatants, which was situated one mile from any highway or other place made public by operation of law; that the field was surrounded by woodland, and contained about forty acres of land; that no person was present when the fight commenced, but one Parker was about thirty or forty yards off, and came up before the combat was ended.

On this evidence the court charged the jury: 1. That if they believed Parker was not present at, and did not see the commencement of the fight, yet, if he went up to where the said parties were during the fight, so as to witness the greater portion of it, then the defendants would be guilty of an affray, although no other person was present, if they fought willingly, and not in self-defence; 2. That a place private in itself might be made public by the presence of one person not engaged in the affray, so as to make those who fought willingly together at such private place, guilty of an affray.

These charges are assigned for error.

I. W. GARROTT, for plaintiffs in error.

M. A. BALDWIN, Attorney General, contra.

LIGON, J.—We think the court below mistook the law, in both the charges given; for our opinion is, that a field surrounded by a forest, and one mile from any highway or other public place, does not lose its private character by the casual presence of three persons. Yet such is the effect of the ruling in the court below.

Let the judgment be reversed, and the cause remanded.